# SUMMONS
## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

ANTHONY DOMENIC REO
      Plaintiff

    VS.
                      Case Number: **18CV001973**

                      Judge EUGENE A. LUCCI

LIFE SHIELD NATIONAL INSURANCE CO et al
      Defendant

To the following named DEFENDANT(S):

      CHUBB FEDERAL INSURANCE CO
      202 HALLS MILL ROAD
      PO BOX 1600
      WHITEHOUSE STATION NJ 08889

You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio.  A copy of the complaint is attached hereto.  The name and address of the plaintiff's attorney is:

      BRYAN ANTHONY REO
      PO BOX 5100
      MENTOR OH 44060

You are hereby summoned and required to do the following:

1. Within **28 days** after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;

2. Within **3 days** after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.

**Calculations of time are exclusive of the day of service.**

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

              Maureen G. Kelly
              Clerk, Court of Common Pleas
              Lake County, Ohio
              25 N. Park Place
              Painesville OH 44077

              By *Kristi Doerrige*
              Deputy Clerk

November 27, 2018
LIFE SHIELD NATIONAL INSURANCE CO
OKLAHOMA CITY OK 73118
              5701 N SHARTEL AVENUE 1ST FLOOR



Exhibit A

### STATE OF OHIO
### IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
### CIVIL DIVISION

| | |
|---|---|
| **ANTHONY DOMENIC REO**<br>7724 Tea Rose Drive<br>Mentor, OH 44060 | Case No. |
| | **18CV001973**<br>**EUGENE A. LUCCI** |
| Plaintiff,<br><br>v. | |
| **LIFE SHIELD NATIONAL INSURANCE CO**<br>5701 N. Shartel Avenue 1st Floor<br>Oklahoma City, OK 73118 | |
| Defendant. | |
| and | |
| **CHUBB FEDERAL INSURANCE CO.**<br>202 Hall's Mill Road<br>P.O. Box 1600<br>Whitehouse Station, NJ 08889 | |
| Defendants. | |



**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

---

### PLAINTIFF'S COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

NOW COMES Anthony Domenic Reo (Plaintiff), by and through the undersigned attorney, and hereby propound upon Life Shield National Insurance Co. and Chubb Federal Insurance Co. (collectively "Defendants") and this Honorable Court Plaintiffs' Complaint.

## I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. § 1345.01 et seq. ("CSPA"), and the Telephone Solicitation Sales Act, R.C § 4719.01 et seq ("TSSA").

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio. Additionally, Plaintiff was solicited to become financially obligated as a result of a telephone solicitation and Plaintiff is a "purchaser" as that term is defined by R.C § 4719.01(A)(5).

3. Defendant Lifeshield National is a corporate entity existing by and through the laws of the State of Oklahoma, which does business in the State of Ohio. Defendant does business as Lifeshield National, which is headquartered in Oklahoma with extensive operations in Ohio. Additionally, defendant is a "telephone solicitor" as defined by R.C § 4719.01(A)(8) and regularly engages in "telephone solicitations" as defined by R.C § 4719.01(A)(7). Additionally Defendant is a "supplier" has defined by R.C § 1345.01(C) and advertises the availability of short term medical coverage which it offers for sale to consumers in Ohio.

4. Defendant Chubb is a corporate entity existing by and through the laws of the State of New Jersey, which does business in the State of Ohio. Defendant does business as Chubb, which is headquartered in New Jersey with extensive operations in Ohio. Additionally, defendant is a "telephone solicitor" as defined by R.C § 4719.01(A)(8) and regularly engages in "telephone solicitations" as defined by R.C § 4719.01(A)(7).

2

Additionally Defendant is a "supplier" has defined by R.C § 1345.01(C) and advertises the availability of short term medical coverage which it offers for sale to consumers in Ohio.

## III. JURISDICTION AND VENUE

5.   This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227 and R.C. § 2305.01.

6.   This Court enjoys personal jurisdiction over Defendants because Defendants conduct business in the state of Ohio, and Defendants attempted to sell Plaintiff goods or services in Ohio with the purpose of injuring Plaintiff when Defendants might reasonably have expected that Plaintiff would be injured in the State of Ohio.   R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

7.   Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendants exists via Civ.R. 4.3.  Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

8.   Defendants contacted Plaintiff repeatedly throughout October and November of 2018. In total no less than 12 calls have been made as of the date of the filing of this complaint.

9.   Plaintiff maintains at all times relevant to this Complaint a cellular telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); ending in 1078.

10. Defendants' calls consisted of recorded messages with a female voice of "Ann" stating that there was a limited health enrollment period.

3

11. Plaintiff pressed "one" as prompted, to be connected to Ann, to determine what was going on and to try to figure out how to make the calls stop.

12. Plaintiff went through the entire screening/qualification process to learn the identity of Defendants.

13. Defendants told Plaintiff they would sell him a policy with $1,000,000.00 in coverage, with maximum out of pocket being $5,000.00 and a deductible of $2,000.00 dollars. The actual policy they emailed Plaintiff provided maximum coverage of $250,000.00 dollars, with maximum out of pocket of $10,000.00 dollars, and a deductible of $5,000.00 dollars. In short, Defendants attempted to swindle Plaintiff.

14. Defendants used an Automated Telephone Dialing System ("ATDS") when contacting Plaintiff on his phone. This was evidenced by the fact that the calls began with recordings and there was a perceptible delay between when the Plaintiff answered and when the recorded message began to play, and Plaintiff was prompted to press a button to be connected to a human operator.

15. Plaintiff's phone number has been listed on the National Do Not Call ("DNC") registry during all relevant times.

16. Defendants lack express prior written consent to contact Plaintiff with an ATDS to deliver recorded messages.

17. Defendants lack express prior consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose, and lacks such consent to deliver recorded messages by any means.

18. Defendants attempted to deceive Plaintiff during a consumer transaction by verbally telling him they were selling him one particular policy and then sending him an email confirmation on a substantially less valuable and less useful policy.

19. Plaintiff recorded all of the relevant calls including the call wherein Defendants attempted to deceive him.

20. As a result of Defendants' conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

21. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

22. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

23. Defendants placed calls to Plaintiff's cellular telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's cellular telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

24. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's cellular telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(1)(A)(iii) and (3); 47 CFR 64.1200(d)(6).

25. Defendants violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendants called Plaintiff despite Plaintiff's cellular telephone number being on the

National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendants' agents.

26. Defendants violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendants called Plaintiff despite Plaintiff's cellular telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendants' agents. Defendants failed to record the previous Do Not Call requests and do not appear to have any policy in place to comply with DNC requests.

27. Defendants violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit:  Defendants called Plaintiff despite Plaintiff's cellular telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendants' agents. Upon information and belief, Defendants failed to properly train its personnel to record DNC requests and to maintain a DNC list.

28. Defendants violated the TCPA when Defendants called Plaintiff's cellular telephone and violated provisions of the TCPA during said telephone calls.

29. Defendants negligently violated the TCPA in relation to Plaintiff.

30. As a result of Defendants' negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

31. In the alternative to the scienter of negligence, Defendants have willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see Charvat v. Ryan, 879 N.E.2d 765, 770 (Ohio 2007) (holding that

willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

32. Defendants' violations consisted of at least 12 phone calls with each call violating (b) and (c) of the TCPA, and each call also violating the rules and regulations promulgated under 47 C.F.R. 64.1200(d).

33. Defendants committed twenty-four (24) violations of Count I of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF THE CSPA

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

35. Defendants are both "person(s)" as defined by R.C. § 1345.01(B).

36. Defendant are both "supplier(s)" as defined by R.C. § 1345.01(C).

37. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

38. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred when Defendants attempted to sell Plaintiff medical coverage [which did not match the policy Defendants had described to Plaintiff] in a consumer transaction. R.C. § 1345.02(A) states, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

39. Defendants committed unfair and deceptive acts in connection with a consumer transaction when Defendants violated R.C. § 1345.02 by knowingly failing to comply with the TCPA. A violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

40. Defendants additionally violated the CSPA by attempting to sell a health coverage policy to a man who already has health insurance which is actually useful and is not a $400 per month policy that provides minimal coverage with a massive deductible.

41. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

42. Since Defendants knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

43. Defendants committed at least thirty-seven (37) violations of Count II of Plaintiff's Complaint. Defendants violated the CSPA twenty-four times by violating the TCPA and rules and regulations promulgated thereunder which are per se CSPA violations, one stand-alone CSPA violation for deception in connection with circumstances prior to and during a consumer transaction, and 12 TSSA violations for failing to have a certificate of registration in Ohio prior to engaging in telesolicitations.

**COUNT III**
**STATUTORY VIOLATIONS OF THE TSSA**

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

45. The TSSA is a state statute that was enacted to regulate telephone solicitations and to protect Ohio residents against illicit, deceptive, or otherwise exploitative telemarketing.

46. Defendants are "Telephone Solicitor(s)" as defined by R.C. § 4719.01(A)(8).

8

47. Plaintiff is a "Purchaser" as defined by R.C. § 4719.01(A)(5).

48. Defendants engaged in "Telephone Solicitation" with Plaintiff as defined by R.C. § 4719.01(A)(7).

49. Upon information and belief the Defendants have failed to obtain and/or maintain a valid certificate of registration in accordance with R.C. § 4719.08(A) and R.C. § 4719.08(B).

50. Defendant committed at least twelve (12) violations of the TSSA. Defendants failed to register and maintain a valid certificate.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

51. Enter judgment against Defendants in Plaintiff's favor in an amount of money in that exceeds twenty-five thousand dollars ($25,000.00 – inclusive of all damages) for general damages, statutory damages, liquidated damages, treble damages, not inclusive of the award of attorney's fees pursuant to R.C. § 1345.09(F) and the FDCPA, and the award of mandatory court costs (as also provided by the CSPA).

52. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
          *Attorney for Anthony Domenic Reo*

## JURY DEMAND ENDORSED HEREON

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right.  Civ.R. 38.

10

# MAUREEN G. KELLY

## CLERK OF COURTS

### Lake County Common Pleas Court

### <u>ATTENTION ALL PARTIES TO THE CASE</u>

**Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.**

**Pre-trial orders and procedures are available on our website at**

<u>www.lakecountyohio.gov/coc</u>

**Select DOWNLOADS**

**Scroll to PRE-TRIAL ORDERS**

**Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.**

**If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.**

**Maureen G. Kelly, Clerk of Courts**
Revised 7/1/2013 Pretrial orders