## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Anthony Domenic Reo,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:18-CV-02955** |
| **LifeShield National Insurance Co. and** | ) | |
| **Chubb Federal Insurance Co.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## DEFENDANT LIFESHIELD NATIONAL INSURANCE CO.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant LifeShield National Insurance Co. ("LifeShield" or "Defendant"), by and through counsel, hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Anthony Domenic Reo ("Plaintiff").

Except as expressly admitted herein, each and every allegation of the Complaint is denied. LifeShield expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify affirmative defenses that may or will be developed through discovery and/or through further legal analysis of its position in this action.

LifeShield responds to the specific allegations contain in the enumerated paragraphs of the Complaint, as follows:

### I.  INTRODUCTION

1.      Paragraph 1 of the Complaint is not an allegation of fact that requires a response. To the extent a response is required, LifeShield admits that Plaintiff has filed this lawsuit alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer

Sales Practices Act, R.C. § 1345.01 *et seq.* ("CSPA"), and the Telephone Solicitation Sales Act, R.C. § 4719.01 *et seq.* ("TSSA").  LifeShield denies any wrongdoing and denies any violation of those laws.

## II.  PARTIES

2.      Paragraph 2 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies the same.

3.      Paragraph 3 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield admits that it is an Oklahoma corporation and that it conducts business in Ohio.  Any and all remaining allegations contained in Paragraph 3 are denied.

4.      Paragraph 4 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies the same.

## III.  JURISDICTION AND VENUE

5.      Defendants have removed this case to federal court since the filing of the Complaint, LifeShield admits that the U.S. District Court for the Northern District of Ohio has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Any and all remaining allegations contained in Paragraph 5 are denied.

6.      Paragraph 6 of the Complaint calls for legal conclusions to which no response is

required.  To the extent a response is required, LifeShield admits that it conducts business in Ohio. LifeShield is without knowledge or information sufficient to form a belief as to the truth of any remaining averments contained in Paragraph 6 regarding personal jurisdiction in this matter, including but not limited to personal jurisdiction over both defendants and the merits of Plaintiff's claim for injury, and, therefore, denies the same.  Any and all remaining allegations contained in Paragraph 6 are denied.

7.      Paragraph 7 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies the same.

## IV.  STATEMENT OF FACTS

8.      LifeShield denies the allegations contained in Paragraph 8 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and, therefore, denies the same.

9.      Paragraph 9 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies the same.

10.     LifeShield denies the allegations contained in Paragraph 10 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, therefore, denies the same.

11.     LifeShield is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 11 and, therefore, denies the same.

12.     LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies the same.

13.     LifeShield denies the allegations contained in Paragraph 13 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and, therefore, denies the same.

14.     LifeShield denies the allegations contained in Paragraph 14 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, denies the same.

15.     LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies the same.

16.     Paragraph 16 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 16 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and, therefore, denies the same.

17.     Paragraph 17 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 17 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, therefore, denies the same.

18.     LifeShield denies the allegations contained in Paragraph 18 as pertaining to

LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and, therefore, denies the same.

19.     LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the same.

20.     LifeShield denies the allegations contained in Paragraph 20 and specifically denies any liability for any damages alleged.

## V.  CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

21.     LifeShield incorporates herein by reference its responses and denials to paragraphs 1 through 20 as if fully restated herein.

22.     Paragraph 22 of the Complaint contains a statement of law that does not require a response.  To the extent a response is required, the text of the TCPA and the corresponding regulations speak for themselves, and LifeShield denies any allegation or statement in conflict with that text.

23.     Paragraph 23 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 23 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and, therefore, denies the same.

24.     Paragraph 24 of the Complaint contains a statement of law that does not require a response.  To the extent a response is required, the text of the TCPA and the corresponding regulations speak for themselves, and LifeShield denies any allegation or statement in conflict with

that text.

25.     Paragraph 25 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 25 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, therefore, denies the same.

26.     Paragraph 26 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 26 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 and, therefore, denies the same.

27.     Paragraph 27 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 27 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 and, therefore, denies the same.

28.     Paragraph 28 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 28 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and, therefore, denies the same.

29.     Paragraph 29 of the Complaint calls for legal conclusions to which no response is

required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 29 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 and, therefore, denies the same.

30.     Paragraph 30 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 30 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 and, therefore, denies the same.

31.     Paragraph 31 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 31 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 and, therefore, denies the same.

32.     Paragraph 32 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 32 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 and, therefore, denies the same.

33.     Paragraph 33 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 33 as pertaining to LifeShield.  LifeShield is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 and, therefore, denies the same.

## COUNT II
## STATUTORY VIOLATIONS OF THE CSPA

34.     LifeShield incorporates herein by reference its responses and denials to paragraphs 1 through 33 as if fully restated herein.

35.     Paragraph 35 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield admits the allegations contained in Paragraph 35.

36.     Paragraph 36 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 36 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 and, therefore, denies the same.

37.     Paragraph 37 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the same.

38.     Paragraph 38 of the Complaint contains a statement of law and calls for legal conclusions and therefore does not require a response.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 38 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and, therefore, denies the same.

39.     Paragraph 39 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 39 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 and, therefore, denies the same.

40.     Paragraph 40 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 40 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and, therefore, denies the same.

41.     Paragraph 41 of the Complaint contains a statement of law and calls for legal conclusions and therefore does not require a response.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 41 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and, therefore, denies the same.

42.     Paragraph 42 of the Complaint contains a statement of law and calls for legal conclusions and therefore does not require a response.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 42 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and, therefore, denies the same.

43.     Paragraph 43 of the Complaint contains a statement of law and calls for legal conclusions and therefore does not require a response.  To the extent a response is required,

LifeShield denies the allegations contained in Paragraph 43 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 and, therefore, denies the same.

**COUNT III**
**STATUTORY VIOLATIONS OF THE TSSA**

44.    LifeShield incorporates herein by reference its responses and denials to paragraphs 1 through 43 as if fully restated herein.

45.    Paragraph 45 of the Complaint contains a statement of law that does not require a response.  To the extent a response is required, the text of the TSSA speaks for itself, and LifeShield denies any allegation or statement in conflict with that text.

46.    Paragraph 46 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 46 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 and, therefore, denies the same.

47.    Paragraph 47 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the same.

48.    Paragraph 48 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 48 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48

and, therefore, denies the same.

49.     Paragraph 49 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 49 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 and, therefore, denies the same.

50.     Paragraph 50 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, LifeShield denies the allegations contained in Paragraph 50 as pertaining to LifeShield.  LifeShield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses, which are herein or which may hereafter be pleaded.  LifeShield asserts the following specific defenses:

## FIRST DEFENSE

Plaintiff lacks Article III standing to assert the claims in the Complaint because Plaintiff did not suffer a concrete and particularized injury-in-fact as a result of each alleged call upon which he seeks a recovery under the TCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

## SECOND DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against LifeShield or to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's Complaint fails in its entirety because LifeShield did not either make any calls to Plaintiff directly or cause any calls to be made to Plaintiff on its behalf.

## FOURTH DEFENSE

Plaintiff's claims against LifeShield are barred, in whole or in part, because Plaintiff's alleged injuries, to the extent any occurred, were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause, and not by LifeShield.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any and all LifeShield's actions as alleged in the Complaint were conducted with the consent, express and implied, of Plaintiff as owner/subscriber or regular user of the subject phone and/or other parties, persons, and entities.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the telephone calls alleged in the Complaint were not made through the use of an "automatic telephone dialing system" as defined pursuant to 47 U.S.C. § 227(a)(1).

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because LifeShield has established and implemented reasonable practices and procedures, with due care, to prevent violations of the TCPA and its corresponding regulations.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff had an "established business relationship" with LifeShield.  *See* 47 C.F.R. §§ 64.1200(c), (f)(5), (f)(14).

## NINTH DEFENSE

Plaintiff's claim for treble damages under the TCPA is barred because LifeShield did not knowingly or willfully violate the TCPA.

## TENTH DEFENSE

The imposition of statutory damages under the TCPA against LifeShield would violate the due process provisions of the United States Constitution and/or the Ohio Constitution.

## ELEVENTH DEFENSE

Application of the TCPA, as interpreted by the FCC, violates the First Amendment to the United States Constitution because such application relies upon content-based restrictions of protected speech.  *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

## TWELFTH DEFENSE

The TCPA violates the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech.  *See Martin v. City of Struthers, Ohio*, 319 U.S. 141 (1943).

## THIRTEENTH DEFENSE

Plaintiff's CSPA claim fails because Plaintiff did not rely on any purported misrepresentations allegedly made by LifeShield.

## FOURTEENTH DEFENSE

Plaintiff's claim for attorney's fees under the CSPA fails because LifeShield did not knowingly violate the CSPA.

## FIFTEENTH DEFENSE

Plaintiff's TSSA claim fails because LifeShield is not required to obtain a certificate of registration from the Ohio State Attorney General's Office.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTEENTH DEFENSE

As a result of Plaintiff's prior action(s) or inaction, Plaintiff is estopped from recovery herein and Plaintiff's claims against LifeShield are barred, in whole or in part, by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

## EIGHTEENTH DEFENSE

Plaintiff fails to state any claim for relief against LifeShield because LifeShield acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

## NINETEENTH DEFENSE

LifeShield did not authorize or ratify any of the conduct of which the Complaint complains, to the extent it occurred, and therefore cannot be held liable for it.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has sustained no

damages.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for actual damages, if any, are barred in whole or in part as a result of Plaintiff's failure to mitigate his alleged damages, if any, and any recovery should be reduced in proportion to Plaintiff's failure to mitigate such damages.

## TWENTY-SECOND DEFENSE

The allegations in the Complaint, and each purported cause of action alleged therein, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

## ADDITIONAL DEFENSE RESERVED

LifeShield reserves the right to raise such additional affirmative and other defenses as may become known during discovery and by the evidence in this case.

Dated: January 11, 2019

*/s/ Aneca E. Lasley*
Aneca E. Lasley (0072366)
Squire Patton Boggs (US) LLP
200 Huntington Center
41 South High Street
Columbus, Ohio  43215
Telephone: +1 614 365-2830
Facsimile: +1 614 365-2499
E-mail: aneca.lasley@squirepb.com

*Attorney for Defendant LifeShield National Insurance Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Aneca E. Lasley*
    Aneca E. Lasley